IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HARRIS BAKING CO., f/k/a )
Regency Baking Co.; )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV411-171
 )
FEDERAL DEPOSIT INSURANCE )
CORP., as receiver of the )
business and property of )
Darby Bank & Trust Co.; )
DRAYPROP, LLC; DARBY BANK & )
TRUST CO.; MICHAEL BROWN; )
RUBEN CROLL; and MARLEY )
MANAGEMENT, INC.; )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Plaintiff's Motion to Remand (Doc. 11) and Defendant Federal Deposit Insurance Corporation's, acting as receiver for Defendant Darby Bank and Trust ("FDIC-R"), Motion for Summary Judgment (Doc. 6). For the following reasons, Plaintiff's motion is **DENIED** and Defendant FDIC-R's motion is **GRANTED**. Because there is no longer any federal issue in this case, the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims. As a result, Plaintiff's complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

This case stems from Plaintiff leasing commercial space in the Drayton Tower Building in Savannah, Chatham County, Georgia.[1] (Doc. 7 at 1-2.) Plaintiff contends that the owner of the building has failed to provide the necessary services for Plaintiff to operate its bakery. (Doc. 1, Attach. 2 ¶ 5.) When signing the lease, Plaintiff allegedly relied on representations made by Defendants that they would make capital improvements to the building. (Doc. 11 at 1-2.) In addition, Plaintiff contends that Defendant Darby Bank and Trust ("DBT") guaranteed the availability of up to $1,500,000 for the renovations. (Id. at 2.)

Ultimately, Defendant DBT was closed by the Georgia Department of Banking and Finance and placed under the receivership of Defendant FDIC-R. (Id.) As a result, Defendant DBT did not disburse any of the funds allegedly promised for improvements and renovations, which were never completed. (Id.) According to Plaintiff, it has suffered

---

[1] Because Defendant did not respond to Plaintiff's motion, the Court accepts as true Plaintiff's factual statements for the purpose of ruling on its motion. See S.D.L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."); Id. 56.1 ("All material facts set forth in the statement [of material facts] required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.").

2

no less than $300,000 in damages based on Defendants' failures. (Doc. 7 at 2.)

On August 12, 2010, Plaintiff filed a complaint in the State Court of Chatham County. (Id. at 1.) In the complaint, Plaintiff offers no legal theory with respect to how Defendants are liable to Plaintiff. (Doc. 1, Attach. 2.) However, Plaintiff claims that it suffered damages by the combined acts of Defendants. (Id. ¶ 8.) On July 1, 2011, Defendants removed the case to this Court.[2] (Doc. 1.)

On July 13, 2011, Defendant FDIC-R filed a Motion for Summary Judgment. (Doc. 6.) In the motion, Defendant FDIC-R argues that Plaintiff's claims against it are precluded under federal law because those claims are not based on a fully executed, properly documented agreement that is an official record of Defendant DBT. (Doc. 7 at 4-7.) Plaintiff failed to file any response.

On July 26, 2011, however, Plaintiff filed a Motion to Remand. (Doc. 11.) In the motion, Plaintiff contends that this Court lacks jurisdiction because its claims satisfy the state-law exception to the statute conferring subject matter jurisdiction on this Court. (Id. at 3-8); see 12

---

[2] This was Defendants' second removal, as the Court remanded the first because Defendant FDIC-R had not been properly substituted as a party prior to removal. (See CV410-301, Doc. 25.)

3

U.S.C. § 1819(b)(2). In response, Defendant FDIC-R reasons that removal is proper because it has colorable defenses to Plaintiff's claims that are based on federal law. (Doc. 12 at 4-11.)

**ANALYSIS**

I. <u>PLAINTIFF'S MOTION TO REMAND</u>

In general terms, Federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. <u>See</u> 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, the defendant normally has the burden of proving that federal subject matter jurisdiction exists. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). Normally, all doubts about federal jurisdiction should be resolved in favor of a remand to state court. <u>Burns v. Windsor Ins. Co.</u>, 21 F.3d 1092, 1095 (11th Cir. 1994). As further discussed below, however, these general principles

4

are modified by statute and case law in an action where jurisdiction exists because the Federal Deposit Insurance Corporation ("FDIC") is a party.

All parties agree that this Court has jurisdiction, if at all, under a statute created by Congress—The Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1819. This statute, when read in conjunction with the general removal statute, 28 U.S.C. § 1441, allows the FDIC to remove "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party." 12 U.S.C. § 1819(b)(2)(A). However, removal is prohibited if the "state-law" exception to FIRREA removal applies, which is satisfied only if the action is one

- (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;

- (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

- (iii) in which only the interpretation of the law of such State is necessary.

12 U.S.C. § 1819(b)(2)(D) (emphasis added). If the removal provision of FIRREA is satisfied, then the case is "deemed to arise under the laws of the United States," as a matter of statue. 12 U.S.C. § 1819(b)(2)(A). This result triggers the availability of removal under 28 U.S.C. § 1441(b), which allows for removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States." However, if the above "state-law" exception to FIRREA removal applies, then the action "shall not be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(D). As a result, removal on the basis of FIRREA alone would be improper.

As the sole basis for remand, Plaintiff cites 12 U.S.C. 1819(b)(2)(D) and contends that this Court lacks jurisdiction over this action because the "claims are not deemed to arise under the laws of the United States." (Doc. 11 at 5 (emphasis in original) (internal quotations omitted).) Before the merits of this argument are addressed, an overview of the modified procedural rules applicable to removal under FIRREA is needed. For example, the burden of proving a lack of federal jurisdiction in this action rests on the plaintiff opposing removal and not the FDIC. <u>Castleberry v. Goldome Credit Corp.</u>, 408 F.3d

773, 785 (11th Cir. 2005) ("[E]ach of these three prongs must be established by a party to defeat removal."). Further, once the FDIC appropriately removes, a presumption arises that the removal of the case was proper. Lazuka v. FDIC, 931 F.2d 1530, 1535 (11th Cir. 1991) (superseded on other grounds by 12 U.S.C. § 1819(b)) ("We interpret this section creating a rebuttable presumption of federal jurisdiction. Therefore, absent some showing of an exception, according to section 1819(b)(2)(B) the FDIC may remove a case to federal district court.").

Defendants oppose Plaintiff's motion on the basis that the state-law exception is inapplicable. (Doc. 12 at 4-6.) This state-law exception applies only if all three prongs in 12 U.S.C. § 1819(b)(2)(D) are satisfied, so a failure with respect to any of the three is fatal to a claim that the exception applies to defeat removal. Castleberry, 408 F.3d at 785 (citing Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A., 83 F.3d 1317, 1323 n.3 (11th Cir. 1996) (en banc) (finding that the state-law exception was inapplicable because not all three prongs were satisfied), vacated on other grounds by Hess v. FDIC, 519 U.S. 1087 (1997)). Because both the parties and this Court find the third prong of the state-law exception dispositive of this motion, only that issue will be discussed.

After reviewing the parties' relative arguments and the undisputed facts of this case, the Court finds that Plaintiff cannot establish the third prong of the state-law exception, requiring that "only the interpretation of the law of such State is necessary." 12 U.S.C. § 1819(b)(2)(D)(iii). As another variation of normal rules on remand, "Courts must look beyond the plaintiff's complaint to any defenses in order to determine if only state law issues are present." Reding v. FDIC, 942 F.2d 1254, 1257 (8th Cir. 1991); accord Lazuka, 931 F.2d at 1532 (noting that FIRREA "overcomes the 'well-pleaded complaint' rule by permitting the FDIC to assert a federal question in its answer"). Defendant FDIC-R asserts several defenses grounded solely on federal law. These defenses include the doctrine presented in D'Oench Duhme & Co. v. FDIC, 315 U.S. 447 (1942) as codified by 12 U.S.C. §§ 1821(d)(9)(A) and 1823(e), which precludes application of the state-law exception. See Lopez v. Bank of Hiawassee, 2010 U.S. Dist. LEXIS 106872, at *4 (N.D. Ga. Oct. 5, 2010) (unpublished) (denying a motion to remand because "defenses raised by the FDIC-R which require the interpretation of federal law authorized removal of this action").

Plaintiff argues that the state-law exception does not apply because Defendant FDIC-R's proffered federal defenses

8

are not colorable. (Doc. 11 at 5-7.) The Court, however, finds this argument to be without merit. Plaintiff bases this argument on the novel reasoning that Defendant DBT carried insurance that would completely cover the money damages sought by Plaintiff. Plaintiff concludes, therefore, that the federal defenses are inapplicable because insurance will cover any judgment awarded to Plaintiff, meaning that there will be no diminution of Defendant FDIC-R's assets. (Id.) The problem with Plaintiff's argument is that, regardless of its normative merits, it finds no basis in law. Therefore, the Court finds that the federal defenses offered by Defendant FDIC-R are, at the very least, colorable. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

II. <u>DEFENDANT FDIC-R'S MOTION FOR SUMMARY JUDGMENT</u>

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.' "

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

Even though a motion requesting summary judgment is unopposed, it may only be granted when appropriate—there must be an evidentiary showing that the moving party is entitled to judgment as a matter of law. United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). To this end, a district court cannot simply accept the factual statements in the unopposed motion as true, "but must ensure that the motion itself is supported by evidentiary materials." Id. It is only when the court concludes that

the moving party's factual statements find evidentiary support in the record that the court may grant an unopposed request for summary judgment. See id.

In its motion, Defendant FDIC-R argues that the doctrine laid out in D'Oench Duhme, 315 U.S. 447, codified in 12 U.S.C. §§ 1821(d)(9) and 1823(e), precludes Plaintiff's claim against it because the claim was not fully executed and properly documented by Defendant DBT. (Doc. 18 at 4-7.) When the FDIC acts as a receiver, the D'Oench Duhme doctrine acts to preclude a private party from enforcing against the FDIC "any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records." Baumann v. Savers Fed. Sav. & Loan Ass'n, 934 F.2d 1506, 1515 (11th Cir. 1991). To effectuate this purpose, the statute provides that

> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement
>
> (A) is in writing,
>
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor,

contemporaneously with the acquisition of the asset by the depository institution,

(C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(D) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e). The Eleventh Circuit Court of Appeals has previously determined that, under § 1823(e), a document must be signed to be executed. Twin Const., Inc. v. Boca Raton, Inc., 925 F.2d 378, 384 (11th Cir. 1991). In addition, the party advancing the adverse interest bears the burden of establishing that an agreement satisfies the requirements of § 1823(e). See FDIC v. Oldenburg, 34 F.3d 1529, 1551 (10th Cir. 1994); Hanson v. FDIC, 13 F.3d 1247, 1253 (8th Cir. 1994).

In this case, the Court concludes that Plaintiff's claims against Defendant FDIC-R are barred by § 1823(e). There is no agreement executed by both the lender and the party bringing the adverse claim against the FDIC. 12 U.S.C. § 1823(e)(B). Furthermore, there is no indication that the agreement was either approved by Defendant DBT's Board of Directors, id. § 1823(e)(C), or kept as an official record of Defendant DBT, id. § 1823(e)(D). In light of these shortcomings, the Court concludes that

Plaintiff's claim against Defendant FDIC-R is precluded by § 1823(e).

III. PLAINTIFF'S STATE-LAW CLAIMS AGAINST THE REMAINING DEFENDANTS

In light of the Court dismissing the only federal issue present in this case, the Court will now sua sponte examine whether it should exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's claims against the remaining Defendants. While Plaintiff failed to label any of its claims, the Court assumes that they are all based on state law. Under § 1367(c), the Court "may decline to exercise supplemental jurisdiction over a claim . . . if [] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Factors the Court should consider in determining whether to exercise its discretion and decline supplemental jurisdiction include judicial economy, convenience, fairness, and comity. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994).

After careful consideration, the Court finds no reason to exercise its supplemental jurisdiction over Plaintiff's remaining state-law claims. In the Court's opinion, having these state-law issues heard in state court economizes

judicial resources and is more convenient to the parties. In addition, notions of fairness and comity would suggest that a case now composed of claims based entirely on state law should be tried in a state court. Therefore, the Court will exercise its discretion under 28 U.S.C. § 1367(c) and **DISMISS** Plaintiff's remaining claims against Defendants DBT, Drayprop, Brown, Croll, and Marley Management.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 11) is **DENIED** and Defendant FDIC-R's Motion for Summary Judgment (Doc. 6) is **GRANTED**. Because there is no longer any federal issue in this case, the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims. As a result, Plaintiff's complaint is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 28th day of March 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA